BARNEY G. FERGUSON v. THE MICHIGAN CENTRAL RAIL-
ROAD COMPANY.

*Carriers—Ejection of passenger—Instructions to jury.*

Plaintiff claimed to have been wrongfully ejected from defendant's
train by the conductor while in possession of a ticket entitling
him to passage. The testimony tended to show that the plaintiff
had been for some years subject to deep sleeps or chronic
drowsiness, from which it was difficult to arouse him; that he
bought a ticket from Mason to Jackson and return; that on
his return trip, in the night-time, he fell asleep soon after
leaving Jackson; that, when he became conscious, he found he
was being ejected from the car by the conductor; that, before
reaching the door of the car, he informed the conductor that
he had a ticket to Mason, but was not given an opportunity
to present it. And it is held that the questions involved were
fairly submitted to the jury in the charge, and the judgment
is affirmed.

Error to Ingham.  (Person, J.)  Argued January 5,
1894.  Decided January 26, 1894.

Case.  Defendant brings error.  Affirmed.  The facts are
stated in the opinion.

*M. V. & R. A. Montgomery,* for appellant.

*L. T. Hemans* and *Black & Dodge,* for plaintiff.

McGRATH, C. J.  Plaintiff sued to recover damages for
being wrongfully ejected from one of defendant's trains,
and had judgment.  He bought a ticket from Mason to
Jackson and return.  The testimony tended to show that
he had been for some years subject to deep sleeps or
chronic drowsiness, from which it was difficult to arouse
him.  On his return trip, in the night-time, he fell into a
sleep soon after leaving Jackson.  When he became con-
scious, he found he was being ejected from the car by the

conductor.   He testified that, before he reached the door
of the car, he informed the conductor that he had a ticket
to Mason, but that he was not given an opportunity to
present it.   He is corroborated in this by other testimony.

We think that the learned judge who tried the case pre-
sented to the jury the questions involved fully, clearly, and
correctly.   Among other things, he instructed the jury as
follows:

"If the conductor did not give him a fair opportunity
under the circumstances, as they appeared to a reason-
able man, why, then he was wrong in removing him,
or starting to remove him.   On the other hand,
if the conductor acted, under all the appearances and
circumstances, just as a reasonably prudent man would
have acted, then he was right in taking him from his
seat and removing him towards the door.   *   *   *   It
was the duty of the conductor to ask the man for his
ticket.   It was the duty of the man—the passenger—to
surrender it.   I say this: That if the conductor started
the man rightfully towards the door, if he took him from
the seat rightfully, and was right in starting him towards
the door, then if, at any time before he reached the ground,
the man tendered him the ticket, or gave the conductor
to understand and realize· that his condition was so changed
that the man wanted to give up his ticket, then the con-
ductor should have received it, if that occurred.   I do not
say that it was the duty of the conductor to again say to
him, 'I want your ticket;' but I say that the conductor
should not, after starting him for the door, either negli-
gently or carelessly or willfully, prevent the man from sur-
rendering his ticket, if he wanted to.   It had become the
passenger's duty to surrender the ticket.   *   *   *   If
plaintiff understood what the trouble was, if he understood
what was wanted of him, that it was his ticket the con-
ductor was after, and that he was being removed for non-
surrender of his ticket, then it was the duty of plaintiff,
at first opportunity, without any further request on the
part of the conductor, to surrender that ticket.   Each
man had his fair, honorable duties to perform.   And if
the man produced, or offered to produce and surrender,
his ticket, so that the conductor understood that was what
he wanted to do, then he should have received it.   So if

the conductor did right in taking the man and starting him towards the door, you are to determine, at any time after that, whether the conductor, either intentionally or negligently or carelessly, prevented the man from surrendering his ticket. If he did, he was to blame, because he should have exercised fair care; and, in determining whether he was exercising fair care, you are to consider all the circumstances of the case,—the duties of the conductor, the fact· that he was at a station, that he was to receive orders, and everything else in the case."

The judgment is affirmed.

The other Justices concurred.